and Maria del Carmen Solis. Good morning, Your Honor, and may it please the Court, I'm Chris Lynch on behalf of the appellants James Massaro and Maria Solis, and we are contending in this case, Your Honor, that the District Court erred in concluding that the workers' compensation and similar laws exclusion in the Maxim General Liability Policy Act, applied to preclude coverage for Mr. Massaro for the wrongful death claim filed against him by Ms. Solis on behalf of the estate of her husband, Pedro Sanchez, and his survivors. And on this issue, Your Honor, we would submit that with Florida's adoption in the Taylor v. Admiral Insurance Company case of this Court's reasoning in Evanston v. Design-Build and you're dealing with an employment-related exclusion such as, in this case, the workers' compensation and similar laws exclusion or the employer's liability exclusion in conjunction with a severability or separation of insurance provision, only the actual or statutory employer is excluded from coverage. And here, since it's undisputed that Mr. Massaro, who was named as a defendant of the deceased, neither of those two exclusions, the workers' compensation or the employer's liability exclusion, was bar coverage. Rather, the coverage would be excluded for the actual or statutory employer, which was also named as a defendant in the wrongful death case, and that would be third-generation plumbing. And in the decision below, the Court correctly found, applying those two clauses, that third-generation would not be entitled to coverage. It was third-generation, and not Mr. Massaro, which employed Mr. Sanchez. It paid Mr. Sanchez. It paid for the workers' compensation coverage for Mr. Sanchez, and it paid his estate workers' compensation benefits. Under no circumstances would Mr. Massaro have been considered to be his, quote, employer, unquote. And the cases primarily relied upon by the defendants involved cases in which the employer, not a co-employee, was sued. One exception would be the Oppenheimer v. Reliance case, and that was a case, a district court case, decided well before Admiral and this Court's decisions in Evanston and Nautilus. And if you read the Oppenheimer case, in that case it was similar. They sued the employer. The plaintiff sued not only the actual employer, but a co-employee, and the district court found that the workers' compensation exclusion applied not only to the employer, but the co-employee. But if you read the opinion, it is clear that the court, contrary to what the law is currently, ignored the separation or severability provision in the policy because the court held, quote, the workers' compensation clause excludes a claim if any insured. And then it refers to the employer in that case, and the employee is liable under workers' compensation. Well, that is not the law in Florida at this point. When you have the severability or separation of insured provision, each insured is looked at differently, and this goes really to the heart of the Court's ruling. If you look at the wording from the workers' compensation clause, it's a very simple clause. It said there's no coverage for, quote, any obligation of the insured under a workers' compensation disability benefits or unemployment compensation law or any similar law, unquote. And the district court found that the tort liability of Mr. Massaro, quote, necessarily derives from an obligation of Massaro under the workers' compensation statute. That is not correct. Mr. Massaro has no liability for workers' compensation benefits to the decedent, Mr. Sanchez, under the Florida workers' compensation statute. So the wording of the clause itself is inapplicable to Mr. Massaro. On appeal, they're also raising the employer's liability exclusion. I would submit that the Evanston case and the Nautilus case, as well as Taylor, are directly on point as far as the employer's liability provision. Only the actual or statutory employer is precluded from coverage under those provisions. This is Lisa Branch. You're relying on Evanston and Nautilus, which are 11th Circuit cases, but they are unpublished, which are certainly persuasive, but not binding. Do you have any binding precedent from our court on this issue? Yes, Your Honor. They were unpublished, but if you read the Taylor v. Admiral Insurance case, and that's from the Florida 3rd District Court of Appeal in Florida, an intermediate appellate court, not only did they cite Evanston with approval. I mean, they quoted numerous paragraphs at length from Evanston and approved the reasoning from Evanston. So Evanston is in effect through Taylor, the law of Florida. And the case has been cited several times subsequently. And it makes sense that the severability and the decision in Evanston and Nautilus and Taylor is in accord with the great weight of authority throughout the United States. Where the courts have applied the workers' compensation exclusion to a non-employer, they've ignored the separation of insurance provision. And as I said earlier, we believe Florida law at this point is attempting to apply the exclusions. You substitute the name of the insured seeking coverage within the terms of the exclusion. So the exclusion in this case would read any obligation of the insured, who would be James Massaro, under a workers' compensation, etc. law. He has no obligation under a workers' compensation law. And further, Your Honor, even if he did come within the scope of that exclusion. The defendant's position runs smack into the Florida Supreme Court's decision in Morales. And what Morales says is, even if you sue an employer and we're not talking about the employer here. And the employer comes within the terms of the workers' compensation similar laws provision. If you allege in the underlying tort action an exception to workers' compensation liability, then the exclusion does not apply. So the court below got it exactly wrong. And the court cited Morales, but it reached an inappropriate conclusion because we clearly alleged in the complaint in this case, because we were aware of the Morales case, we pled an exception to the Florida's workers' compensation law in suing both Mr. Massaro and the employer. The employer, the standard for breaching workers' compensation against the employer is very significant. It's different than against Mr. Massaro. We alleged against Mr. Massaro that he was potentially liable for a crime in excess of 60 days punishment. And that's where we brought in the OSHA regulations. That clearly alleged a cause of action outside the Florida workers' compensation law. So even if you could consider that Mr. Massaro comes under the exclusion, because we allege an exception to the workers' compensation law, the exclusion would not apply. And that's the Florida Supreme Court's decision in Morales. So based on those arguments, Your Honor, we would submit that the court's ruling below was incorrect. This case is basically in the same posture as the Evanston and the Nautilus v. Design Bill case. I was counsel of record in those cases. We had an employee, a statutory employee, who sued the employer and the president of the general contractor, just as we did here. That case went up on the employers' liability exclusion. This case came up on the workers' compensation exclusion. But in both of those cases, the carrier relied on both exclusions. And the Evanston case was reversed based on the severability and the analysis I previously outlined. So we believe, Your Honor, at this point... Counsel, two minutes. Thank you. We would submit, Your Honor... Mr. Lynch, this is Lisa Branch. In the Evanston case, you were talking about the same posture. But in that case, the suit was not brought against the officer as an employer, as you did here. Does that distinguish the Evanston case and make its guidance inapplicable? No, Your Honor. It was brought against the general contractor. The plaintiff in that case was an employee of a subcontractor. Under Florida law, the general contractor is considered to be the statutory employer of the employees of the subcontractor. And if you look at the Evanston case, the plaintiff's posture meets the definition of employee for purposes of the employer's liability exclusion. And he was an employee of the general contractor. So he was... It is in the same posture. The only difference is Mr. Sanchez was a direct employee of the plumbing company. And in the Evanston case, the plaintiff was an employee of a subcontractor. But they're both considered to be statutory employees. So the posture is the same. And the exclusions are deemed to apply to both statutory employers and actual employers. And in this case, Mr. Massaro was neither. So we would request... Mr. Lynch, before you sit down, this is Jill Pryor. The district court in this case, after it concluded that there was no duty to defend, went on to conclude that there was no duty to indemnify, basically for the same reason. Yes. If we were to conclude that there was a duty to defend, would it be appropriate to remand to the district court to address in the first instance the duty to indemnify? Because that would allow the court to consider Maxim's arguments about the settlement in this case. What do you think about that? Yes, we've agreed, Your Honor, that those issues are not before this court. And they weren't before the district court at the time we argued this motion. This summary judgment was based exclusively on the exclusion. And the court put off until a later point the issue of whether the settlement agreement is enforceable and whether there was a breach of the Well, that issue will be addressed on remand, Your Honor. Thank you. Thank you, counsel. All right. Now we'll hear from counsel for Massaro and Coley. Yes, thank you, Your Honor. May it please the court, Sina Bahadurin here on behalf of Appley Maxim Indemnity Company. To affirm in this matter, the court need apply just one simple rule. That is that the duty to defend is based exclusively on the allegations of the underlying complaint. Here, that is Solis' Second Amendment complaint in which she sued Massaro as an employer under 6668. What else do we know? We know that employee Sanchez was injured in the course and scope of his employment. We know that the estate received workers' compensation benefits. That's important right there if I could just stop for a moment. This is not a situation where we have someone at claimant suing because there was the absence of workers' comp benefits and so they're suing in tort. This is a situation where the employee actually received the benefit of workers' compensation and for reasons that we can talk about, that is very much different than the other cases where you have a statutory employer being sued because the true employer failed to procure a comp policy and so the claimant didn't receive any comp benefits. This is the estate's exclusive remedy because of that reason was exclusively under workers' comp. Again, the estate received the benefits under workers' comp so that's what makes all the difference in terms of traveling under workers' comp. The other issue in hearing counsel argued today, and I think this was evident from the briefs as well, is that we would submit that he is arguing the duty to defend based on a counterfactual. We would ask the court to review the actual second amendment complaint. What does it allege? There are two allegations that inform the court's inquiry. Paragraph 15, Massaro's conduct, and this is a quote, was so pervasive and total that he would be considered an employer. I'd like to say that again because it's so important. Was so pervasive and total that he would be considered an employer pursuant to 29 U.S.C.S.666E. In the following paragraph, paragraph 16, he quoted from the actual statute itself, and the statute in pertinent part provides any employer who willfully violates this act dot dot dot dot shall be imprisoned for not more than six months. Again, he was suing in the capacity as an employer because he had to. This was the third pleading attempt the court had taken him to task previously on the prior version of the complaint because he tried to argue the criminal conduct exception to workers' comp immunity. But he failed to allege any specific conduct, and he also failed to allege which crime had been committed. The court gave him one final opportunity, I would submit, to get it right. That's when OSHA 666E was identified, and that's when he sued in the capacity of an employer. This is all about this specific pleading. I would submit to the court that this is not a design-build situation. In design-build, you had arguments where there was no workers' comp policy to begin with, and you had someone who was suing a statutory employer. Here, he is suing Massaro as an actual employer. He's saying that almost tantamount to a piercing the corporate veil theory, that the control that Massaro exercised over this company was to such a level that he should be considered the employer, even if we were to treat Massaro as a... But, counsel, this is Jill Pryor, but the complaint alleges that third generation was the employer. Isn't that right? I would say, yes, it does, Your Honor, but I would say... It expressly alleges that. Yes, Your Honor, it does, but it also alleges that Massaro is an employer. Well, let's grant you that it may be inconsistent. The Florida Supreme Court has said that any doubts regarding the duty to defend must be resolved in favor of the insured. So if the complaint can be read either way with respect to the identity of Sanchez's employer, why shouldn't we resolve any doubt in favor of the insured? I would respectfully submit, Your Honor, that it can't be read either way, that in order to survive another dismissal, he had to plead an employer relationship under 666E. There's simply no way to make a 666E claim without alleging an employer relationship. Now, he could have come up with some other statute that had been violated, some other criminal statute, but that's not what he did. The only way that he was going to survive dismissal yet again was under 666E, as we highlighted in our briefs, clearly and unequivocally shows a congressional intent that it only applies to employers. So I would submit to the court that he sued as an employer, and that's what makes this case very different from all the other cases that we've talked about. And I would submit that there's not a single case that we've found where you had an allegation against an actual employer, against a statutory employer, where there was nonetheless coverage allowed under a CGL policy. There's just not any precedent for that anywhere. And so while Massaro is attempting to make this case all about design, build, and grant pronouncements regarding how the duty to defend might apply in this sort of situation, we're asking the court to affirm, just based on the allegations of this specific complaint, which in paragraphs 15 and 16 clearly and unequivocally alleges an employer-employee relationship. Let me ask you something, counsel. This is Robin Rosenbaum. It seems to me that it's a motion to dismiss, and for purposes of this complaint, what is being alleged is that he is an employer in action, I guess, under the exception 440.111b2. But that definition of an employer is a very limited definition. It applies only to the workers' comp provision. And that when we're talking about an employer under the CGL policy, that has a different definition, obviously. It's defined by the statute, by the policy itself. So why can it not be the case that for purposes of deriving a motion to dismiss, he's pled enough? Your Honor, to play that out just a little bit, let us look at the other instances where someone other than whose name is on, say, the W-2, that employer, how does Florida law treat the workers' comp exclusion relative to those individuals? The case law is replete, where you look at someone who is not the direct employer. It could be a general contractor. And the case law says that they are treated as a statutory employer under workers' comp as well as under the policy. And in each of those instances where the court has evaluated coverage for a statutory employer, and by the way, that was the case in Design Build as well. In Design Build, there was no coverage for the actual claimant was an employee of a subcontractor. But nonetheless, there is no coverage for the statutory employer. So here, we can't pick and choose, like from a menu where you just pick bits and pieces. It comes in as a whole. And this also, I would submit, is not a situation where the underlying complaint is fluid in any way. This has all been fixed in time because they entered into a consent judgment. So there's no possibility for this complaint to ever be amended. He sued as an employer because he had to. There was no other way for him to survive dismissal, and there was no other way for him to articulate a cause of action against Massara. And again... But counsel, this is Jill Pryor. What you seem to be saying is that the duty to defend can be based on an underlying complaint, even when it advances an unsound legal theory. What's your strongest authority to support your position that we should construe the allegations in the complaint in the manner that you suggest? That's right, Your Honor. So we don't get to make judgment calls about the duty to defend. And we cited case law not only from the Florida Supreme Court in the Lennox licorice decision, also the white racing case, which I handled before, this court on the duty to defend as well, where you just take the complaint as it's handed to you. And so here, the complaint alleges in 15 and 16 a status as an employer. And I would submit as an employer that he should be elevated to the level of an employer. But even if we weren't to say that he was being alleged to be an actual employer, then he's being alleged as a statutory employer. That is in the complaint. And I would submit to the court as well that if we were to scotch those allegations out from the complaint, then how would he have ever been able to articulate a cause of action? How would he have been able to survive dismissal? He wouldn't have, nor do I think it would be workable for us to have a situation where we can read out allegations of the complaint, specifically when they go to the heart of being able to survive dismissal. He sued under 666E for a reason, because otherwise he wasn't able to articulate a cause of action against Massaro. So we have to accept that allegation is true. And I would submit to the court that if you weren't to defend, he sued as an employer. We shouldn't do anything that tramples on that allegation, specifically because it also affects the court's decision in the case below to have given him what I believe was a final opportunity to get his complaint right. The other thing too is if the court weren't to affirm here, it would also affect the congressional intent that we saw in 666E as far as it applying solely to an employer. If this court were to rule otherwise, it would mean that somehow that statute is opened up and it can't apply in instances to other than an employer, which I would submit would be inappropriate. Given the party's dispute about Florida law, is this a case where we should certify a question to the Florida Supreme Court? I don't believe that certification would be necessary. I would just admit that paragraph 15 and paragraph 16 say that he sued as an employer. And every case that is in the papers, and counsel even admitted it, is that a statutory employer, an actual employer, there's simply no coverage under CGL policy. That's for members of the public that are injured, not worksite accidents themselves. So unless the panel has any questions, I would ask you to affirm based on paragraph 15 and 16. Thank you. Thank you, counsel. All right, let's hear from counsel for Maxim again. Yes, Chris Lynch again, your honors. I think the counsel's talking about two different things. We're talking about tort liability under the OSHA Act, where we allege that for the purposes of OSHA, and there are some federal courts that have held if an employee's actions are so pervasive, they could be considered liable for the criminal penalties under OSHA. And we allege that for purposes of OSHA, Mr. Massaro would be considered the employer. But we clearly alleged, and the court found below, that Sanchez was an employee of third generation. And in the order that's up on appeal, the district court concluded that, quote, the insured Massaro in this case is a corporate officer as opposed to an employer, unquote. We clearly allege that Mr. Massaro was an employee of third generation. They did not dispute that in moving for summary judgment. And they conceded as an undisputed fact, Sanchez was a long-term employee of third generation acting in the course and scope of his employment at the time of the accident. So the fact that Mr. Massaro may be liable as an employer under OSHA, the criminal sanctions applicable to employers, doesn't make him an employer for purposes of insurance coverage. They're two different animals. And all you have to do is apply the language of the insurance policy. And let's not get away from that. And the compensation exclusion says any obligation of the insured, which would be Massaro under a workers' compensation law, he has no obligation. He doesn't pay for workers' compensation insurance. He doesn't owe the decedent any workers' compensation insurance. And that's what controls. And also the employer's liability exclusion. There is no coverage for bodily injury to an employee of the insured. He is not an employee of Mr. Massaro under any interpretation. Design build is the employer in design build. The summary judgment was entered against design build. And the employer's liability exclusion goes on to say an employee of the insured arising out of and in course of employment by the insured. He is not employed by Mr. Massaro. Mr. Massaro did not pay him. So there are two different animals here. And we're not talking about tort liability. We're talking about insurance coverage, which is a matter of contract. And if you apply the language from that contract, it just does not apply to Mr. Massaro. And it was clearly established in the court below and the court found in its order on appeal, which is on appeal, that third generation was the employer, not Mr. Massaro. And those exclusions would not apply to Mr. Massaro. As far as the OSHA allegation, Your Honor, they wanted to defend against that. And now they're questioning whether an employee could be liable under that statute applicable to employers. They should have come in and admitted coverage. We plead that he was liable under OSHA. And he was considered to be an employer for purposes of OSHA only. But they did not admit coverage. We have a judgment. So they've essentially admitted those facts. They cannot question whether OSHA applies at this point. So for those reasons, Your Honor, and as far as referring to the Florida Supreme Court, the Florida Supreme Court has spoken, Your Honor. This obligation of Mr. Massaro because we pled around workers, any possible workers' compensation does not fit within the exclusion which the court below relied on. So we believe clearly, Your Honor, that the controlling law supports coverage in this case. Design-build is analogous. There was workers' compensation benefits in design-build. There was over $2 million in benefits paid to the insured in that case or the plaintiff in that case. So we believe... Thank you very much, counsel. We will take the case under advisement and we are in recess. We will begin again tomorrow at 9. Thank you.